# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES R. ADKINS,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0708** (BOR Appeal No. 2049101)
(Claim No. 2013013343)

**WEST VIRGINIA DIVISION OF NATURAL RESOURCES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles R. Adkins, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Division of Natural Resources, by Lisa W. Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 30, 2014, in which the Board affirmed a December 9, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 7, 2013, decision which denied Mr. Adkins's application for workers compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is partially based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Adkins worked as a building maintenance mechanic for West Virginia Division of Natural Resources. Mr. Adkins has several prior injuries. He returned to work on November 13, 2012, after being off work for a prior injury. Before the alleged incident in this claim occurred, Mr. Adkins was treated by Yaser Rayyan, M.D., on November 7, 2012, and Dr. Rayyan listed abdomen tenderness with direct right upper quadrant pain and low back pain as active problems. Dr. Rayyan also noted the plan was to administer a CT scan of the abdomen/pelvis with contrast

to further evaluate his right upper quadrant, hemochromatosis, and stage III fibrosis. On November 14, 2012, Mr. Adkins was taking garbage bags from a truck and placing them in a dumpster when he allegedly felt a painful sensation in his groin and low back. On November 15, 2012, Mr. Adkins filed a report of injury application in which Brad Nine, M.D., diagnosed him with injury to the abdomen/groin area. Mr. Adkins filed a second Report of Injury application on November 16, 2012, in which Saint Mary's Occupational Health Center diagnosed him with a right lumbar strain and a right inguinal hernia. Allen Young, M.D., Mr. Adkins's treating physician, initially diagnosed him with a right-sided inguinal hernia and a lumbar sprain, but on the February 11, 2013, Diagnosis Update form, Dr. Young only listed iliofemoral strain as the requested diagnosis. On January 7, 2013, the claims administrator denied the claim and found Mr. Adkins did not sustain an injury in the course of and resulting from employment.

The Office of Judges affirmed the claims administrator's decision and found Mr. Adkins has not demonstrated that the claim should have been found compensable. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Adkins disagrees and asserts that the fact that he suffered a sprain/strain type injury to his groin and low back is supported by the records of Dr. Young. He further argues that the low back pain noted in Dr. Rayyan's report is not unusual for someone like him who has suffered prior low back injuries. West Virginia Division of Natural Resources maintains that the Board of Review was not clearly wrong to affirm the Order of the Office of Judges because Mr. Adkins has failed to establish that he sustained a compensable injury at work on November 14, 2012. West Virginia Division of Natural Resources further maintains that Mr. Adkins was treated for abdominal and groin pain on November 7, 2012, which was prior to the alleged injury.

The Office of Judges found that Mr. Adkins was treated one week before the alleged injury for abdominal pain and tenderness and that same medical report noted low back pain as an active problem. The Office of Judges noted that Dr. Young initially thought Mr. Adkins had a right-sided hernia but then due to Mr. Adkins's healing progress found he had an iliofemoral strain and back pain. Dr. Young only listed the diagnosis iliofemoral strain on the Diagnosis Update form. Since Mr. Adkins had similar complaints one week prior to the alleged injury, the Office of Judges determined the complaints could have resulted from pre-existing problems and not the alleged incident on November 14, 2012. The Office of Judges further determined that the record supported some type of strain that caused tenderness in the groin that was previously present. It concluded that Mr. Adkins failed to demonstrate that he had suffered a compensable injury on November 14, 2012. The Board of Review agreed with the Office of Judges.

This Court disagrees with the Board of Review in regards to the compensability of the iliofemoral strain. Dr. Rayyan did treat Mr. Adkins one week before the alleged incident and did note active problems of abdominal pain with tenderness and low back pain. However, Dr. Rayyan did not mention any groin pain in his notes. There is no physician that found Mr. Adkins had a pre-existing groin injury or pain. In addition, Dr. Young found the groin pain was due to Mr. Adkins's work-related injury and completed a diagnostic update on February 11, 2013, requesting the claim be held compensable for an iliofemoral strain.

This Court agrees with the Board of Review in regards to the lumbar sprain. Dr. Young did not list lumbar sprain as a diagnosis on the Diagnosis Update form. In addition, St. Mary's Emergency Room's records do not mention a low back injury or pain but only an injury and pain to the abdomen and right groin. Furthermore, Mr. Adkins was treated one week before the work-related injury by Dr. Rayyan, and Dr. Rayyan noted low back pain as one of Mr. Adkin's active problem. The preponderance of the evidence does not establish that Mr. Adkins suffered a lumbar sprain as a result of his employment.

For the foregoing reasons, we find that the decision of the Board of Review is partially based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed in regards to the compensability of the iliofemoral strain, and this Court holds the claim compensable for an iliofemoral strain. The remainder of the decision of the Board of Review is affirmed.

Reversed in Part and Affirmed in Part.

## ISSUED:  May 7, 2015

## CONCURRED IN BY:
Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum

Justice Robin J. Davis, and Justice Allen H. Loughry II concur with the denial of the addition of lumbar sprain to the claim. Justice Davis and Justice Loughry dissent regarding the addition of iliofemoral strain to the claim.

Justice Allen H. Loughry II, dissenting:

I disagree with the majority's decision to add iliofemoral strain as an additional compensable condition of Mr. Adkins's claim. The Office of Judges found that Mr. Adkins had similar complaints a week prior to his alleged injury and that his current complaints are the result of a pre-existing condition.  The claims administrator, Office of Judges, and Board of Review all correctly concluded that the record failed to show that Mr. Adkins's iliofemoral strain resulted from the alleged November 14, 2012, injury. West Virginia Code § 23-5-15(c) (2010) provides, in pertinent part:

> *If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim*, the decision of the board may be reversed or modified by the supreme court of appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or

mischaracterization of particular components of the evidentiary record. *The court may not conduct a de novo re-weighing of the evidentiary record.*

(Emphasis added). Because it is clear that the majority has simply re-weighed the evidence to find in favor of Mr. Adkins, I respectfully dissent.